UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS FLETCHER,<br><br>        Petitioner,<br><br>v.<br><br>KEVIN CHAPPELL, Warden,<br>California State Prison at San Quentin,<br><br>        Respondent. | CV 13-4988 RGK<br><br>ORDER DISMISSING PETITION |

## I. BACKGOUND

Petitioner was convicted and sentenced to death in Riverside County for the April 2005 murder of Rafi Ibrahim, a convenience store clerk, and the attempted murder of Celesdino Olea, a customer at the store. The crimes were committed during the course of a robbery.[1] The judgment of death was entered against Petitioner on November 18, 2011 and he applied for counsel on direct appeal with the Supreme Court of California on December 23, 2011.[2] Counsel has not yet been appointed.

---

[1] As this matter is still on direct appeal, the facts of the underlying offense have been taken from a news article in the Riverside Press Enterprise found at http://www.pe.com/local-news/local-news-headlines/20110727-temecula-death-to-clerk-s-killer-jury-says.ece.

[2] Procedural information on the underlying appeal has been taken from the California Supreme Court docket located at http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=1998485&doc_no=S198309

ORDER DISMISSING PETITION - 1

On July 11, 2013, Petitioner filed a document entitled "28 U.S.C. § 2403(b) Intervention by United States or State: <u>'Constitutional Question'</u>".  (Docket No. 1.) On July 26, 2013 Petitioner filed a second document entitled "Notice of Amendment to Complaint."  (Docket No. 3.)  At the time of his sentence, Petitioner was ordered to pay statutorily mandated restitution.  He is apparently seeking mandamus or injunctive relief from this Court directing the State of California to stop taking 55% of all money Petitioner obtains in prison in satisfaction of the restitution order.  Petitioner believes the state's actions amount to an unconstitutional taking or seizure since his direct appeal is still pending and thus there is no final adjudication of his guilt or the reasonableness of his sentence.

**II.    DISCUSSION**

Petitioner has cited 28 U.S.C. § 2403(b) apparently for the proposition that he should be allowed to bring his putative constitutional claims in federal court. That statute provides that a state may be allowed to intervene in an action where the constitutionality of a state law is in question. *Id*.  However, it specifically limits those instances to cases where, for obvious reasons, the state or one of its officials or employees is not already a party to the action. *Id*.  Kevin Chappell, the Warden of the State Prison at San Quentin where Petitioner is housed, is an employee of the State of California and the respondent in this action.  For that reason, the provisions of 28 U.S.C § 2403(b) allowing for intervention do not apply.   Petitioner cannot invoke this Court's jurisdiction by way of that statute.

Further, Petitioner cannot secure this Court's jurisdiction through the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) codified at 28 U.S.C. § 2254.  Though AEDPA will provide a mechanism for Petitioner's challenges to his conviction and sentence when his direct appeal is complete, it does not provide the mechanism through which Petitioner may challenge the state's actions in seizing money in satisfaction of the restitution order.  Habeas proceedings are not designed to provide an avenue for prisoners to challenge the

imposition of or execution of a restitution order. This is because the language of section 2254 precludes federal courts from reviewing challenges to the non-custodial portion of criminal sentences. *Bailey v. Hill*, 599 F.3d 976, 981 (9th 2010).

Petitioner may believe that the All Writs Act applies to this case. Other pro se litigates have recently sought to invoke federal court jurisdiction by way of that statute. In an effort to avoid unnecessary future pro se filings in that regard, the Court will address that statute here. The All Writs Act empowers federal courts to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). But Petitioner cannot establish this Court's jurisdiction over his state court conviction and sentence and the All Writs Act does not create that jurisdiction. By it's plain language it allows the Court to issue orders in support of its jurisdiction in a given case. However, federal court jurisdiction is a necessary prerequisite to the issuance of those orders or writs. That jurisdiction does not exist here. Petitioner's direct appeal is pending before the California Supreme Court and he is free to raise his claims in that forum. Principles of comity and federalism limit this Court's ability to interfere with state court appellate proceedings that may vindicate the very rights that Petitioner seeks to have considered in this forum. Petitioner may yet obtain relief from the restitution order.

Finally, addressing Petitioner's claim that the collection of the restitution before his appeal has been heard creates a due process violation, the Court notes that Petitioner's conviction and sentence are presumptively valid. He was charged, tried, and convicted by a jury of his peers. That same jury made a sentencing recommendation based on evidence before it and the trial judge imposed sentence, including the restitution order, consistent with state statute. He has been afforded the process he was due. Well established state appellate procedures continue to

1 afford him due process in the review of the propriety of his conviction and
2 sentence.  It is not this Court's role to interfere with those proceedings.
3    For all of the forgoing reasons, this matter is dismissed with prejudice.
4    **IT IS SO ORERED.**
5 Dated this 8th day of August, 2013



_____
R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE